# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CLEON THELTON DAY, III, <br><br> **Plaintiff,** <br><br> v. <br><br> NANCY A. BERRYHILL, Acting Commissioner of Social Security, <br><br> **Defendant.** | 1:17-cv-252-WSD |

# OPINION AND ORDER

This matter is before the Court on Magistrate Judge Catherine Salinas's Final Report and Recommendation [20] ("Final R&R"). The Final R&R recommends the Court reverse and remand the decision of the Commissioner of the Social Security Administration ("Commissioner") to deny Plaintiff Cleon Thelton Day, III's ("Plaintiff") application for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI").

## I. BACKGROUND[1]

On October 12, 2012, Plaintiff filed an application for SSI, and on October 30, 2012, Plaintiff applied for a period of disability and DIB. (Transcript [8] ("Tr.") at 224-32). In both applications, Plaintiff alleged a disability onset of June 1, 2010. (Tr. at 217, 224). On January 30, 2013, the Social Security Administration ("SSA") denied Plaintiff's application, and upon reconsideration, on April 4, 2013, the SSA affirmed its denial. (Tr. at 60-115). Plaintiff appealed to an Administrative Law Judge ("ALJ"), who, on October 20, 2015, denied Plaintiff's claim, finding Plaintiff was not disabled. (Tr. at 13-31). Plaintiff appealed the ALJ's decision to the Appeals Council ("AC"), which, on November 22, 2016, denied Plaintiff's request for review. (Tr. at 1-6). On January 23, 2017, Plaintiff appealed the AC's decision to this Court. ([1], [3]).

### A. Facts and ALJ's Findings

Plaintiff, who was fifty-eight years old when he filed his application, alleges disability due to diabetes, high blood pressure, and depression. (Tr. at 62, 74, 88, 102). Plaintiff has a college education, and his past relevant work experience

---

[1] The facts are taken from the Final R&R and the record. The parties have not objected to any specific facts in the Final R&R, and the Court finds no plain error in them. The Court thus adopts the facts set out in the R&R. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

includes serving as a customer service representative and counselor. (Tr. 26, 39). According to the ALJ, Plaintiff has not engaged in substantial gainful activity since July 1, 2010, the alleged onset date. (Tr. at 19). The ALJ found Plaintiff's severe impairments were: major depressive disorder; anxiety disorder; diabetes mellitus; hypertension; obesity; and gastroesophageal reflux disease (GERD). (Tr. at 19).

In determining Plaintiff's residual functional capacity ("RFC"), the ALJ concluded Plaintiff had the RFC to perform "less than a full range of medium work." (Tr. at 22). The ALJ found Plaintiff is able to lift fifty pounds occasionally and twenty-five pounds frequently, can occasionally climb ramps and stairs, stoop, kneel, crouch, crawl, and balance, perform simple, routine, repetitive tasks in a work environment free of fast-paced production requirements, make simple work decisions, and have occasional interaction with co-workers, supervisor, and the public. (Id.). The ALJ found Plaintiff can never climb ropes, ladders, and scaffolds, and that Plaintiff should avoid concentrated exposure to extreme vibrations, hazardous machinery, and unprotected heights. (Id.).

In determining whether there were jobs that Plaintiff could perform, the ALJ relied on the testimony of a vocational expert ("VE") and found there were "jobs that exist in significant numbers in the national economy that the claimant can perform." (Tr. at 26). Based on the VE's testimony, the ALJ found Plaintiff can

3

perform the requirements of medium, unskilled occupations such as a hand packager, warehouse worker, and hospital cleaner. (Id.). The ALJ concluded Plaintiff was not disabled. (Id. at 27).[2]

B. Final R&R

Plaintiff contends that the Commissioner erred because the ALJ concluded there were "few treatment records" with respect to Plaintiff's mental impairments. ([15] at 16-19). Plaintiff argues that the ALJ disregarded the records of (1) Christine Lloyd, a mental health technician at Grady Hospital and Plaintiff's case manager, who Plaintiff met with in person twice per month from September 2013 through December 2014, and (2) Dana Abraham, a senior licensed mental health clinician with Grady Hospital, who Plaintiff met with during a weekly outpatient depression group between September 2013 and November 2013. ([15] at 16-19; see also [20] at 6-7).

On January 30, 2017, the Magistrate Judge issued her Final R&R. The Magistrate Judge determined that the ALJ erred because, on review, it was unclear whether the ALJ considered all of the evidence in the record. ([20] at 18-20). The Magistrate Judge found that, "[w]ith no mention of Ms. Lloyd or Ms. Abraham's

---

[2] The medical evidence has been summarized in the body of the ALJ's decision and is not repeated here except as necessary to address the issues presented.

4

records in the in the ALJ's decisions, [she] [could not] determine if the ALJ adequately considered that evidence and properly weighed it." ([20] at18). Plaintiff did not file any objections to the Final R&R.

**II. DISCUSSION**

    A.    <u>Legal Standards</u>

        1.    <u>Review of a Magistrate Judge's R&R</u>

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); <u>Williams v. Wainwright</u>, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Where, as here, no party has objected to the report and recommendation, the Court conducts only a plain error review of the record. <u>United States v. Slay</u>, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

        2.    <u>Review of a Decision of the Commissioner of Social Security</u>

A court must "review the Commissioner's decision to determine if it is supported by substantial evidence and based upon proper legal standards." <u>Lewis v. Callahan</u>, 125 F.3d 1436, 1439 (11th Cir. 1997). "Substantial evidence is more

than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Id. at 1440. "We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner]." Phillips v. Barnhart, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004).

### 3. Standard for Determining Disability

An individual is considered to be disabled if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). The impairments must result from anatomical, psychological, or physiological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques and must be of such severity that the claimant is not only unable to do her previous work but cannot, considering age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. See 42 U.S.C. §§ 423(d)(2)-(3).

"The burden is primarily on the claimant to prove that [s]he is disabled, and therefore entitled to receive Social Security disability benefits." Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing 20 C.F.R. § 404.1512(a)). To

determine if an applicant suffers a disability under the Social Security Act, an ALJ performs a five-step evaluation. See Id.; 20 C.F.R. §§ 404.1520, 416.920. The five steps are: (1) the claimant must prove that she is not engaged in substantial gainful activity; (2) the claimant must prove that she is suffering from a severe impairment or combination of impairments; (3) the Commissioner will determine if the claimant has shown that her impairment or combination of impairments meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listed Impairment"); (4) if the claimant cannot prove the existence of a listed impairment, she must prove that her impairment prevents her from performing her past relevant work; (5) the Commissioner must consider the claimant's residual functional capacity, age, education, and past work experience to determine whether the claimant can perform other work besides her past relevant work. See Doughty, 245 F.3d at 1278; 20 C.F.R. §§ 404.1520, 416.920. If, at any step of the sequence, the claimant can be found disabled or not disabled, the sequential evaluation ceases and further inquiry ends. See 20 C.F.R. §§ 404.1520(a), 416.920(a).

B. <u>Analysis</u>

1. <u>Whether the ALJ Failed to Consider and Properly Weigh Relevant Evidence</u>

Plaintiff contends the ALJ improperly ignored the medical records of Ms. Lloyd and Ms. Abraham when considering his mental impairments. ([15] at 18). The Magistrate Judge determined that the "[r]egulations and rulings require that an ALJ consider all relevant evidence in the case record, including opinion evidence from non-medical sources." ([20] at 11); <u>see also</u> 20 C.F.R. § § 404.1527(f)(1), 416.927(f)(1).

"While an ALJ is not required to discuss every piece of evidence on the record, [s]he must nonetheless 'develop a full and fair record,' which, at least, means that h[er] opinion must describe h[er] analysis with enough detail to satisfy a reviewing court that [s]he gave all relevant evidence before h[er] its due regard." <u>Reed v. Astrue</u>, No. 09-0149-KD-N, 2009 WL 3571699, at *2 (S.D. Ala. Oct. 26, 2009); <u>see also</u> <u>Ogranaja v. Comm'r of Soc. Sec.</u>, 186 F. App'x 848, 851 (11th Cir. 2006) ("We do not require the ALJ to 'specifically refer to every piece of evidence in his decision,' so long as the decision is sufficient to allow us to conclude that the ALJ considered the claimants' medical condition as a whole.")). Moreover, "[a]lthough the ALJ should consider evidence from non-medical sources, the ALJ is not required to assign the evidence any particular weight."

8

Farnsworth v. Soc. Sec. Admin., 636 F. App'x 776, 784-85 (11th Cir. 2016); see also Reed, 2009 WL 3571699, at *3-4. "Instead, whether and how much weight the ALJ should give this kind of evidence depends upon the particular facts of the case and a variety of factors, including whether the opinion is consistent with other evidence in the record." Farnsworth, 636 F. App'x at 785.

The Magistrate Judge found that, "[i]t is evident from the record that Ms. Lloyd helped Plaintiff manage his affairs, assisted Plaintiff with finding housing, and educated Plaintiff on his medical conditions." ([20] at 12). The Magistrate Judge also found that "the record shows that Ms. Abraham facilitated at least ten depression group sessions that Plaintiff attended." (Id.). The Magistrate Judge stated that, "[a]s a mental health technician and a senior licensed mental health clinician, Ms. Lloyd and Ms. Abraham appear to qualify as people employed by a 'social welfare agency,' which would make them acceptable non-medical sources whose opinions may be considered." The Magistrate Judge also noted that, because the ALJ stated that there were "few treatment records" with respect to Plaintiff's mental impairments, it was likely the ALJ "simply overlooked the records" of Ms. Lloyd and Ms. Abraham. ([20] at 15-16; Tr. at 22). The Magistrate Judge further found that, "[w]hile the ALJ could have discounted these records, it is unclear whether that is what happened," and "[t]he ALJ's failure to

9

acknowledge the existence of these non-medical sources suggests an oversight on the part of the ALJ, requiring remand." ([20] at 16); see also Baez v. Comm'r of Soc. Sec., 657 F. App'x 864, 870 (11th Cir. 2016) (holding that an ALJ's decision cannot be said to be supported by substantial evidence if it fails to discuss pertinent evidence).

The Magistrate Judge noted that while the ALJ is "not required to specifically refer to every piece of evidence in her decision," "it is not clear in this case whether the ALJ appropriately considered the 'other source' evidence provided by Ms. Lloyd and Ms. Abraham." ([20] at 16). That is, "[i]f the ALJ elected to discount these records, the ALJ should have provided an explanation for any decision to reject the assessments of Ms. Lloyd and/or Ms. Abraham regarding Plaintiff's mood and mental state." (Id.). The Magistrate Judge found that, "[w]hile the failure to consider the report of a non-medical source may be found harmless, it is not clear from the record in this case why the ALJ omitted any reference to the records of Ms. Lloyd and Ms. Abraham" or, "given the clear relevance of the impressions and notes in Ms. Lloyd and Ms. Abraham's records," "whether Ms. Lloyd and Ms. Abraham's records would have altered the ALJ's conclusions regarding Plaintiff's impairments and/or changed the outcome of the decision." (Id. at 17-18). The Magistrate Judge concluded that "[b]ecause it is

impossible for the Court to determine whether the ALJ considered all of the evidence, the case must be remanded." ([20] at 18). The Court finds no plain error in these findings and recommendation. See Slay, 714 F.2d at 1095.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Catherine Salinas's Final Report and Recommendation [20] is **ADOPTED**.

**IT IS FURTHER ORDERED** that the decision of the Commissioner is **REVERSED AND REMANDED**.[3]

**SO ORDERED** this 26th day of January, 2018.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[3] The Magistrate Judge found, and the Court agrees, that on remand, the ALJ must consider the opinions of all of Plaintiff's examining and treating medical sources, as well as the opinions of appropriate non-medical sources, and give proper weight to the testimony and statements of each as required by the law of this Circuit. See Lewis v. Callahan, 125 F.3d 1436, 1440-41 (11th Cir. 1997); see also Farnsworth, 636 F. App'x at 783-84 (finding the ALJ was required to consider the opinions of "other medical sources," although not required to give those opinions controlling weight over the opinions of acceptable medical sources).

11